**Desmond RICKETTS, Plaintiff,**

v.

**Hugh VANN, Billy Vann, Hugh Vann & Son, Inc., Murfreesboro Farms, Inc., Percy Bunch, Francis M. Bunch, James T. Flakes, Jr., and Jeannette Flakes, Defendants.**

**No. 91–61–CIV–2–D.**

United States District Court,
E.D. North Carolina,
Elizabeth City Division.

Oct. 15, 1993.

Robert J. Willis, Raleigh, NC, for plaintiff.

J. Nicholas Ellis, Poyner & Spruill, Rocky Mount, NC, L. Frank Burleson, Jr., Revelle, Burleson, Lee & Revelle, Murfreesboro, NC, Donald C. Prentiss, Hornthal, Riley, Ellis, & Maland, John David Leidy, Elizabeth City, NC, Ronald G. Baker, Baker, Jenkins, Jones & Daly, Ahoskie, NC, for defendants.

James T. Flakes, pro se.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

### (Plaintiff and Flakes Defendants)

DUPREE, District Judge.

Following oral argument on their motions for summary judgment heard on October 13, 1993 judgment was entered sustaining the motions of all defendants with the exception of James T. Flakes, Jr. and Jeannette Flakes. The motions for summary judgment of the Flakes defendants and a motion for partial summary judgment by the plaintiff were heard by the court on October 14, 1993, and the court now records its rulings on these summary judgment motions as follows:

1. The motion of plaintiff for partial summary judgment as to the defense of contributory negligence interposed by the Flakes defendants to plaintiff's claims under the Migrant and Seasonal Agricultural Worker Protection Act (AWPA) is allowed. The parties agreed that they had not been able to find in the legislative history of this statute or the reported decisions any authority on the question of the availability of the defense of contributory negligence to actions brought under the statute, but in view of the broad social purposes sought to be served by this legislation it was the court's feeling that to allow the defense of contributory negligence would probably run contrary to congressional intent and that a liberal construction of this social legislation which makes no provision for a defense of contributory negligence should result in disallowing it.

2. The motion of the Flakes defendants for summary judgment as to plaintiff's cause of action based on common law negligence on the grounds that the plaintiff was contributorily negligent as a matter of law is denied. While it is true that under North Carolina law which governs here there are cases in which motions for summary judgment based on a showing of contributory negligence on the part of the plaintiff as a matter of law in occupying an unsafe position

in a moving vehicle have been sustained, such cases have involved situations in which the plaintiff assumed a far more hazardous position in a vehicle than was the plaintiff here who was simply seated on some tires in the back of a pickup truck, a position in which countless workers are seen daily riding in these vehicles without incident.

 3. Counsel for plaintiff indicated at the time of oral argument that the plaintiff would not undertake to prove his common law negligence action by a showing of negligence on the part of the driver of the pickup truck in his operation of the vehicle but would confine his proof to a showing that at the time of the accident the plaintiff was being transported in an unsafe vehicle. The motion of the Flakes defendants for summary judgment based on the fellow servant rule is therefore denied subject to the right of defendants to reactivate this defense in the event the plaintiff undertakes to prove at trial a cause of action based on the negligence of anyone who was plaintiff's fellow servant.

4. The motion for summary judgment of the Flakes defendants on plaintiff's claim for actual damages under AWPA is denied. The parties are agreed that under AWPA in order for a plaintiff to recover actual damages he will be required to show that such damages were proximately caused by the violation of that provision of AWPA on which plaintiff's claim is based. Obviously the plaintiff will not be allowed to recover his actual damages twice, and if he has been awarded actual damages following the trial of his common law negligence claim, he will not be permitted to recover actual damages upon the trial of his AWPA claims.

5. The motion of the Flakes defendants for summary judgment as to the issue of punitive damages under plaintiff's claims based on AWPA is allowed for two reasons: first, the statute makes no provision for any such damages and second, there is no evidence in the record of willful, wanton or reckless conduct on the part of the Flakes defendants proximately causing or contributing to any injury sustained by the plaintiff. In order to obtain the submission of a puni-

tive damages issue to the jury under North Carolina law it is necessary that a plaintiff seeking punitive damages produce such evidence.

6. The motion of the Flakes defendants for summary judgment as to the issue of punitive damages with respect to plaintiff's common law negligence claim is granted for the same reasons as set forth in the preceding paragraph.